IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SYDLYNN PROFESSIONAL SVCS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case Number CIV-20-774-C |
| EXPRESS SERVICES, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On November 10, 2017, Dr. Sydney Watkins, President and CEO of Plaintiff, contacted Defendant to explore the idea of opening an Express Services franchise in Washington, D.C. Plaintiff was told that no franchises were made available in that area due to the substantial number of government offices located there. Plaintiff asserts that it was offered a franchise in Alexandria, Virginia, as an alternative. On December 18, 2017, Dr. Watkins and Defendant executed a franchise agreement granting Plaintiff certain areas in Virginia. After the franchise did not develop as expected, Plaintiff filed the present action asserting claims for fraud in the inducement, actual fraud, constructive fraud, negligent misrepresentation, and breach of contract. Defendant filed a Motion to Dismiss raising three arguments challenging the tort claims and a challenge to the breach of contract claim. Defendant asserts the tort claims are 1) barred by the statute of limitations; 2) the fraud element of reasonable reliance is not adequately pled; or 3) Plaintiff has failed to plead fraud with the particularity required by Fed. R. Civ. P. 9. As for the breach of

contract claim, Defendant argues Plaintiff has failed to plausibly plead a breach of the franchise agreement.

Defendant's arguments fail to persuade the Court. The allegations of the Complaint must be sufficient to state a plausible claim for relief. <u>Mocek v. City of Albuquerque</u>, 813 F.3d 912, 921 (10th Cir. 2015). Plaintiff's Complaint satisfies that standard. As to Defendant's statute of limitations argument, Plaintiff's Complaint alleges it did not learn of the prevalence of government offices until June 18, 2019. While Defendant challenges the reasonableness of this statement, at this stage it is adequate to demonstrate that the Complaint was timely filed. Likewise, Defendant's argument that Plaintiff's tort claims cannot survive because it has failed to plead reasonable reliance requires the Court to view the evidence in Defendant's favor. Of course, at this stage, that is improper; rather the Court must "accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the [Plaintiff]." <u>S.E.C. v. Shields</u>, 744 F.3d 633, 640 (10th Cir. 2014) (internal quotation marks and citation omitted). To the extent Defendant argues Plaintiff has failed to support its fraud claims with the particularity required by Fed. R. Civ. P. 9(b), that argument also fails. While the Complaint could perhaps have been more detailed, Plaintiff has set forth allegations which "afford defendant fair notice of the plaintiff's claim and the factual ground upon which it is based." <u>Farlow v. Peat, Marwick, Mitchell & Co.</u>, 956 F.2d 982, 987 (10th Cir. 1992) (internal quotation marks and citation omitted). Defendant's Motion to Dismiss the tort claims will be denied.

Finally, Defendant's attack on Plaintiff's breach of contract claim also fails. The Complaint states that the franchise agreement required Defendant to provide a "qualified corporate representative." (Dkt. No. 1, ¶ 37). It further states Defendant failed in that requirement. While the Complaint could have provided additional facts regarding Plaintiff's beliefs about the representative's qualifications, that is not necessary to apprise Defendant of the nature of Plaintiff's claim. Defendant's Motion to Dismiss the breach of contract claim will be denied.

In its Response, Plaintiff requests leave to file an Amended Complaint if necessary. Plaintiff attaches the proposed Amended Complaint to its Response. Plaintiff's actions violate LCvR7.1(c). Accordingly, the proposed Amended Complaint will not be considered. In the event Plaintiff still wishes to amend its Complaint in light of the disposition herein, it must do so in accordance with the Federal Rules of Civil Procedure and Local Rules.

## CONCLUSION

As set forth more fully herein, Defendant's Motion to Dismiss (Dkt. No. 10) is DENIED.

IT IS SO ORDERED this 29th day of October, 2020.

*/s/ Robin J. Cauthron*
ROBIN J. CAUTHRON
United States District Judge